UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TAVON ELLIS,
*Prisoner Identification No. 437-263*,

    Petitioner,

v.

WARDEN,

    Respondent.

Civil Action No. TDC-16-3855

**MEMORANDUM OPINION**

Tavon Ellis, formerly confined at the Eastern Correctional Institution ("ECI") in Westover, Maryland, has filed a Petition for Writ of Habeas Corpus. The Petition alleges that he has been held beyond his prison release date because Maryland Division of Correction ("DOC") officials miscalculated the number of diminution credits to which he is entitled. Because Ellis is attacking the manner in which his sentence is executed, the Petition is deemed filed pursuant to 28 U.S.C. § 2241(a). *See Preiser v. Rodriguez*, 411 U.S. 475, 485-87 (1973). Ellis also filed a Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 3, which is denied as moot because he has paid the $5.00 filing fee.

**BACKGROUND**

On June 7, 2014, Ellis was charged in the Circuit Court for Baltimore City, Maryland with unlawful possession of a controlled dangerous substance, possession of drug paraphernalia, carrying a concealed deadly weapon, and carrying a deadly weapon with intent to injure. *See State v. Ellis*, Case No. 814190014, http://casesearch.courts.state.md.us/. He was convicted of the concealed weapon charge and, on July 31, 2014, was sentenced to three years of

imprisonment, all suspended with the exception of the time spent in detention while awaiting trial. Ellis was placed on probation and released. On April 21, 2015, Ellis was convicted of violating probation and sentenced to serve the remainder of his suspended sentence, amounting to two years, ten months, and seven days.

## DISCUSSION

In his Petition to this Court, Ellis challenges the length of his incarceration. He asserts that DOC officials have applied "time off of the top," presumably, good conduct diminution credits, as if he were serving a three year sentence, rather than the lesser suspended sentence of two years, ten months, and seven days. Suppl. Pet. at 5-7, ECF No. 2. As a result, he argues that he should have been released either on September 23, 2016 or, at the latest, December 13, 2016.

### I. Mootness

Ellis's Petition is now moot. "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art[icle] III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (alteration added) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Where a convict's incarceration has ended, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* (finding a

challenge to the termination of parole status moot when the period of reincarceration ended); *see also Townes v. Jarvis*, 577 F.3d 543, 547 (4th Cir. 2009) (finding that the action was not moot where the formerly-incarcerated petitioner, who was challenging his parole ineligibility determination, demonstrated that the "parole-ineligibility finding continues to result in collateral consequences with respect to the duration of his parole and probation"); *Nakell v. Attorney Gen. of North Carolina*, 15 F.3d 319, 322-23 (4th Cir. 1994) (identifying collateral consequences that prevent mootness).

Here, Ellis stated that he was scheduled for release on Monday, January 9, 2017. DOC records confirm that he has been released. Ellis does not challenge the underlying conviction, his sentence is completed, and there is no presumption or demonstration of collateral consequences. The instant action, therefore, is dismissed as moot. *See Bowler v. Ashcroft*, 46 F. App'x 731, at *1 (5th Cir. 2002) (concluding that the petitioner's habeas challenge to the United States Bureau of Prison's method of calculation of good-time credits was moot where the petitioner had been released from prison but was still on supervised release).

II.   **Exhaustion of Alternative Remedies**

The Court notes that even if this case were not moot, the Petition, as amended, would fail because it contains no indication that Ellis has successfully challenged the alleged miscalculation in the Maryland courts. Absent the exhaustion of such challenges, the Petition is subject to dismissal. *See Timms v. Johns*, 627 F.3d 525, 530-31, 533 (4th Cir. 2010).

A prisoner challenging the way the DOC has calculated his sentence has two possible avenues for relief. First, regardless of whether he believes he is entitled to immediate release, a prisoner may challenge the calculation of his sentence or diminution credits through administrative proceedings by: (1) filing a request under the administrative remedy procedure,

*see* DOC Directive 185-001 to -004 (2008), http://www.dpscs.state.md.us/publicservs/procurement/ihs/index-DOC185.shtml, to the Warden of the institution where he is confined; (2) appealing a denial of the request by the Warden to the Commissioner of Correction; (3) filing a complaint with the Inmate Grievance Office ("IGO"); (4) appealing a final decision of the IGO to the Circuit Court; and (5) if necessary, filing an application for leave to appeal to the Court of Special Appeals of Maryland from the decision of the Circuit Court. *See* Md. Code Ann., Corr. Servs. § 10-210 (West 2002); DOC Directive 185-002. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 to -202 (West 2011); *Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981). Although Ellis has stated that he has begun the administrative remedy procedure process, the initial step towards exhaustion, he does not indicate that he has completed all steps in the process.

Alternatively, a prisoner claiming entitlement to immediate release can bypass administrative remedies and seek relief by filing a petition for writ of habeas corpus in a Circuit Court. *See Md. House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997) ("[A]n inmate is not required to utilize the inmate grievance procedure, and courts will entertain an inmate's petition for habeas corpus when the plaintiff alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory credits."), *abrogated on other grounds by Moats v. Scott*, 751 A.2d 462 (Md. 2000); *see also* Md. Rule 15-302(a)(1). If unsuccessful, the prisoner may appeal the Circuit Court decision to the Court of Special Appeals, *see Frost v. State*, 647 A.2d 106, 109 & n.5 (Md. 1994); *e.g., Merritt v. Corcoran*, 658 A.2d 1153, 1154 (Md. Ct. Spec. App. 1995), and thereafter may seek permission

for further review from the Court of Appeals, Md. Code Ann., Cts. & Jud. Proc. § 12-201. Nothing in the pleadings suggests Ellis has filed such a petition in the state courts.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Ellis's claims are dismissed on procedural grounds, and this Court finds that Ellis has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Ellis may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus without prejudice. A separate Order shall issue.

Date: February 1, 2017

THEODORE D. CHUANG
United States District Judge